# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISCOVER GROWTH FUND, LLC, a U.S. Virgin Islands limited liability company, | ) ) ) ) |
| Plaintiff, | ) C.A. No. ) |
| v. | ) ) |
| GENEREX BIOTECHNOLOGY CORPORATION, a Delaware corporation, And JOSEPH MOSCATO, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

For its Complaint against Generex Biotechnology Corporation ("Generex") and Joseph Moscato ("Moscato", and, together with Generex, the "Defendants"), Plaintiff Discover Growth Fund, LLC ("Discover") alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Discover is a limited liability company organized under the laws of the U.S. Virgin Islands, with its principal place of business located in the U.S. Virgin Islands.

2. Generex is a corporation organized under the laws of Delaware, with its principal place of business located at 10102 USA Today Way, Suite 200, Miramar, FL, 33025.

3. Moscato is an individual, and is the President and Chief Executive Officer of Generex, with a principal place of business located at 10102 USA Today Way, Suite 200, Miramar, FL, 33025..

4. This Court has personal jurisdiction over Generex because Generex is organized under Delaware law, resides in this state, and transacts business in Delaware.

5. This Court has personal jurisdiction over Moscato pursuant to 10 Del. C. §3114(b), because Moscato is the President and Chief Executive Officer of Generex and he is a necessary or proper party to this action. In addition, this Court has personal jurisdiction over Moscato pursuant to the forum selection clause contained in the Moscato Warrant (as defined herein).

6. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

7. Venue properly lies in this district under 28 U.S.C. §§ 1391(b) because Generex is incorporated here and Moscato and Generex conduct business here.

## NATURE OF THE ACTION

8. By this civil action, Discover seeks an Order of this Court entering judgment against the Defendants, jointly and severally, on certain "Warrants of Attorney to Confess Judgment" pursuant to D. Del. Local Rule 58.1.2.

## FACTS COMMON TO ALL CLAIMS

9. On or about December 9, 2019, Discover and Defendants entered into a Purchase Agreement ("Agreement"), a copy of which is attached hereto as Exhibit A. Pursuant to the Agreement, Discover agreed to purchase and in fact purchased a Promissory Note ("Note") "in the Face Value of $2,200,000.00. . . ." Agreement, § II.A. A fully executed copy of the Note is attached to the Agreement as Exhibit 2.

2

10. Generex is the maker, issuer and primary obligor under the Note. Discover is the "Holder" of the Note. Generex is obligated to pay the $2,200,000.00 "Face Value" of the Note on the "Maturity Date", defined as "the 18 month anniversary of the Issuance Date," or December 9, 2019. Note, § I.A, § I.G.6.f. In addition, Generex is obligated to pay to Discover interest on the Face Value of the Note in amounts calculated under the Note, with an initial "Interest Rate" of 12% per annum, which increases 10% per annum upon each occurrence of a "Trigger Event" under the Note. Note, § I.C.

11. Moscato executed the Agreement as "President/CEO" of Generex. Note, p. 22. Section VI. of the Note provides, under the heading "Confession of Judgment," that:

> Company [i.e. Generex] and its President and Chief Executive Officer [i.e. Moscato], who hereby absolutely, unconditionally and irrevocably guarantees payment in full of the Note and all obligations under all of the Transaction Documents [defined as the Note, the Agreement and the other documents identified therein], will execute the Confession of Judgment forms [attached to the Agreement as Exhibit 6], which may be filed upon any default or material breach under the Note, including without limitation failure to timely issue Conversion Shares upon Conversion.

12. Pursuant to the foregoing provision of the Agreement, (i) Generex executed and delivered to Discover a Warrant of Attorney to Confess Judgment in favor of Discover (the "Generex Warrant") and (ii) Moscato executed and delivered to Discover a Warrant of Attorney to Confess Judgment in favor of Discover (the "Moscato Warrant", and, together with the Generex Warrant, the "Warrants"). A copy of the Generex Warrant is attached hereto as Exhibit B. A copy of the Moscato Warrant is attached hereto as Exhibit C.

13. The Generex Warrant provides in pertinent part that "Generex hereby appoints any attorney duly admitted in the State of Delaware to be its attorney, to appear in any court of record, at any time after" the Generex Warrant "becomes due, and there to waive service of

process and confess a judgment against Generex in favor of Discover on the Note for the amount of $2,475,000, together with costs and attorney fees. . . ."

14. The Moscato Warrant provides in pertinent part that "I hereby appoint any attorney duly admitted in the State of Delaware to be my attorney, to appear in any court of record, at any time after" the Moscato Warrant "becomes due, and there to waive service of process and confess a judgment against me in favor of Discover on the guarantee of the Note for the amount of $2,475,000, together with costs and attorney fees. . . ."

15. The Note provides that, at the discretion of Discover as Holder, "[a]ll or any portion of the Face Value of the Note may be converted, in part or in whole, into shares of Common Stock" of Generex "at any time or times beginning on the earlier of effectiveness of the Registration Statement. . . ." Note, § I.G.1.a.

16. The Agreement provides that "Company will at its sole cost and expense prepare and file with the Commission [i.e. the Securities Exchange Commission ('SEC')] as soon as practicable and in any event within 30 days after the Effective Date [defined as December 19, 2019, Agreement, p.1] a Registration Statement (**'Registration Statement'**) . . . registering the delayed and continuous resale of all Conversion Shares . . . ." Agreement, § V.A.1. "Conversion Shares" are defined as "all shares of Common Stock [of Generex] potentially issuable in relation to the Note, including Common Stock that must be issued upon conversion of the Note, and Common Stock that must or may be issued in payment of any Interest." Agreement, Exhibit 1, p.1.

17. Despite the passage of more than 30 days since the Effective Date, Generex has failed and continues to fail to file with the SEC a Registration Statement as required under the

4

Agreement as aforesaid. As a result, Discover has been unable to convert part or all of the Fact Amount of the Note into Conversion Shares.

18. Section I.H.1 of the Note provides that

> [a]ny occurrence of one or more of the following, at any time and for any reason whatsoever, will constitute a **"Trigger Event"**: . . . .c. Any violation of or failure to any covenant or provision of this Note, the Purchase Agreement [i.e. Agreement], or any Transaction Document, related to payment of cash, registration, authorization, reservation, issuance or delivery of Conversion Shares, time being of the essence. . . .

19. Accordingly, Generex's failure to file a Registration Statement within 30 days of the Effective Date of the Agreement constitutes a Trigger Event, default and material breach under the Note. Section VI of the Agreement provides that, upon such a default, Discover is entitled to file the Warrants and seek entry of judgments against the Defendants.

20. On January 7, 2020, John C. Kirkland ("Kirkland"), Fund Manager and President of Discover Fund Management, Inc., the general partner of Discover Fund Management, LLLP, the investment adviser to and managing member of Discover, sent an email to Moscato and Generex' counsel advising that the delay in filing a Registration Statement with the SEC was a trigger event, and that, absent a filing by January 8, 2020, Generex would be in default under § V.A.1 of the Agreement. A copy of that email is attached hereto as Exhibit D.

21. On February 3, 2020, Kirkland emailed Generex's counsel and advised that, unless the Registration Statement were filed by the end of that week, Discover would seek entry of judgment. A copy of that email is attached hereto as Exhibit E.

## COUNT ONE: BREACH OF CONTRACT / CONFESSION OF JUDGMENT

22. Discover hereby incorporates all of the foregoing allegations by reference as though fully set forth herein.

23.     The Note and Warrants are valid and enforceable contracts. In the Note and Warrants, Defendants agreed to pay Discover the amount of $2,475,000.00, together with costs and attorney fees.

24.     Discover has fulfilled its obligations under the Note and Warrants and all of the parties' agreements.

25.     By failing to timely file a Registration Statement with the SEC, Generex is in breach of its obligations under the Note and the Agreement as aforesaid.

26.     As a result, Discover is entitled to file the Warrants and to the entry of judgments by confession against the Defendants and in favor of Discover the amount of $2,475,000.00. together with costs and attorney fees.

27.     As a result of Defendants' breaches, Discover has been damaged in an amount of no less than $2,475,000.00, plus attorney fees, costs, and such other relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Discover hereby demands judgment against the Defendants, jointly and severally, as follows:

a)      The entry of judgment in the amount of at least $2,475,000.00;

b)      An award of attorneys' fees, expenses, and court costs as provided by law; and

c)      Such other and further legal and equitable relief as the Court deems just, equitable, and proper.

Respectfully submitted,

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
GIBBONS P.C.
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
Tel: (302) 518-6322
Fax: (302) 397-2050
cviceconte@gibbonslaw.com

*Attorneys for Plaintiff*

Dated: February 18, 2020