**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DISCOVER GROWTH FUND, LLC,<br><br>                     Plaintiff,<br><br>          v.<br><br>GENEREX BIOTECHNOLOGY CORPORATION<br>and JOSEPH MOSCATO,<br><br>                     Defendants. | C.A. No. 1:20-cv-00233-RGA |

**DEFENDANTS' RESPONSE TO APPLICATION FOR**
**ENTRY OF JUDGMENT BY CONFESSION IN OPEN COURT**

Defendants, Generex Biotechnology Corporation ("Generex") and Joseph Moscato (collectively, "Defendants"), hereby respond to Plaintiff's Application for Entry of Judgment by Confession in Open Court.

**INTRODUCTION**

This action arises out of an agreement (the "Agreement")[1] for Plaintiff's purchase of Generex stock and a $2,200,000 promissory note (the "Note")[2] convertible into common stock. *See* Ex. A at p. 1. The Note requires Generex to repay Plaintiff the face value of the Note, plus interest. *See* Ex. B at p. 1. The Note and Agreement also allow for conversion of any portion of the face value of the Note into shares of Generex common stock after the filing of a Registration Statement with the SEC. *See* Ex. B at § V(G)(1)(a); Ex A at § V(A)(1).

To request conversion, Plaintiff must provide written notice to Generex or its transfer agent, setting forth the amount of face value of the Note being converted, the Conversion

---

[1] A true and correct copy of the Agreement is attached as Exhibit A.
[2] A true and correct copy of the Note is attached hereto as Exhibit B.

1

Premium,[3] the minimum number of conversion shares, and the calculation thereof.  *See* Ex. B at § V(G)(1)(a)-(b).  While Plaintiff has not asserted that it sent the required conversion notice, Plaintiff asserts that Generex has defaulted on the Note for failure to timely file a Registration Statement as a precondition to issuing conversion shares.  (D.I. 6).  The Agreement contains a Confession of Judgment clause, whereby Defendants guaranteed payment on the Note in the event of default.  (*Id*. at ¶ 13).  However, although the face value of the Note is $2,200,000, the Warrant of Attorney to Confess Judgment in the event of default refers to an inaccurate amount of $2,475,000.00.[4]  (D.I. 7, Exs. A, B).

On February 26, 2020, Plaintiff filed an Application for Entry of Judgment by Confession in Open Court seeking confession of judgment pursuant to Local Rule 58.1.2.  (D.I. 7).  Defendants file the herein response and request compliance with the provisions of Local Rule 58.1.2.

## ARGUMENT

Defendants respectfully request a hearing in accordance with Local Rule 58.1.2, which allows for a judgment by confession to be entered in open court upon compliance with a number of factors.

As an initial matter, Plaintiff must provide the Court with the appropriate notice and "[t]he original document authoring confession of judgment, together with a photocopy for the Clerk and each defendant obligor against whom judgment is requested."  D. Del. LR

---

[3] The Conversion Premium means the "Face Value of the amount converted, multiplied by the product of (i) the applicable Interest Rate, and (ii) the number of whole years between the Issuance Date and the Maturity Date."  Ex. B at § I(G)(6).

[4] The parties originally contemplated an option for Plaintiff to purchase a second promissory note in the face value of $275,000.00, for a potential aggregate of $2,475,000.00.  (D.I. 6 at ¶ 10).  However, that option was never exercised, so the face value of the Note remains $2,200,000.  *Id*.

58.1.2(b)(3).  Thereafter, it is Plaintiff's burden to prove the "genuineness of the obligation, the signature of the defendant obligor against whom judgment is sought and the identity of the defendant obligor appearing in the Court."  D. Del. LR 58.1.2(b)(4)(A).  Defendants submit that Plaintiff is required to establish at a hearing that Generex has defaulted on the Note, and the genuineness of the obligation, given the mistaken amount listed in the Warrant of Attorney to Confess Judgment.  (D.I. 7, Exs. A, B).

Courts within the Third Circuit have routinely agreed that a confessed judgment must reflect an accurate amount.  *See e.g.*, *Republic First Bank v. Jemal*, 2011 U.S. Dist. LEXIS 104263, at *25 (E.D. Pa. Sept. 12, 2011) (if there is a mistake made in the amount of confessed judgment, it can be modified by the court); *Complete Bus. Sols. Grp., Inc. v. HMC, Inc.*, 2019 U.S. Dist. LEXIS 170909, at *5 (E.D. Pa. Oct. 2, 2019) (citing *Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1291 (Pa. Super. Ct. 1995) (a confession of judgment should be stricken when it is clear from the record that the judgment amount is unauthorized by the instrument)); *Resolution Tr. Corp. v. Cohen*, U.S. Dist. LEXIS 4220, at *5–6, *19 (E.D. Pa. Apr. 7, 1992) (citing *U.S. v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968)) (providing that the court would entertain a motion that the amount of judgment was incorrect); *Preferred Fin. Servs. v. A & R Rail Bonds LLC*, 2018 Del. Super. LEXIS 50, at *8 (Jan. 26, 2018) (debts not owed under the note and agreement were not recoverable by confession of judgment).  Accordingly, because there is no dispute that the amount of the Note is $2,200,000, the Warrant of Attorney to Confess Judgment for $2,475,000.00 is inaccurate, and may not be construed to provide for a greater recovery than that which is owed on the Note.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request a hearing in accordance with Local Rule 58.1.2, and that the parties be permitted to introduce evidence to support entitlement to a confession of judgment, including the proper amount of judgment, including costs and fees, if any.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:  */s/ Gary W. Lipkin*
    Gary W. Lipkin (DE Bar No. 4044)
    Alexandra D. Rogin (DE Bar No. 6197)
    222 Delaware Ave., 7th Floor
    Wilmington, DE 19801
    Telephone: (302) 574-7400
    Fax: (302) 574-7401
    glipkin@eckertseamans.com
    arogin@eckertseamans.com
    *Attorneys for Defendants*

March 11, 2020