IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISCOVER GROWTH FUND, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-233-RGA |
| GENEREX BIOTECHNOLOGY CORPORATION, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Before me is Plaintiff's Application for Entry of Judgment by Confession in Open Court. (D.I. 7).[1] The parties have submitted almost no briefing in connection with the Application. (D.I. 11, 12). I held a hearing by videoconference on May 1, 2020, at which two witnesses testified. At the hearing, the only issue in dispute was one that was not even mentioned in the briefing.[2]

Plaintiff seeks judgment against the two defendants "jointly and severally, on certain 'Warrants of Attorney to Confess Judgment.'" (D.I. 6, ¶ 8). There are four relevant documents: (1) the Purchase Agreement (D.I. 6-2), (2) the Note (D.I. 11-2), and the two Warrants (D.I. 6-3, 6-4).

---

[1] I have diversity jurisdiction as the amount in dispute is more than $75,000, and the parties are alleged to be diverse.

[2] In terms of the Local Rule requirements, Plaintiff offered to provide the original Warrants. While the Court could not accept them by hand delivery, the Court can and will accept them by U.S. mail. If Plaintiff has not already done so, Plaintiff should mail the originals to the Court. That the other procedural prerequisites were substantially complied with was uncontested. There was also no contest that the obligations were genuine and signed by Defendants and that any constitutional rights were waived. *See* D.Del. LR 58.1.2.

Plaintiff and Defendants entered into a transaction documented by, in part, the Purchase Agreement, the Note, and the Warrants, in which Plaintiff purchased the Note, which has a face value of $2,200,000, on December 9, 2019.  It was envisioned that the Note would be converted into shares of Generex stock at a later time.  As part of the transaction, Defendants agreed that Generex "will at its sole cost and expense prepare and file with the [SEC] as soon as practicable and in any event within 30 days after [December 9, 2019[3]] a Registration Statement . . . on Form S-3 or, if Form S-3 is unavailable, Form S-1, registering the delayed and continuous resale of all Conversion Shares pursuant to Rule 415 under the Act, and will use reasonable best efforts to cause such Registration Statement to be declared effective under the Act as promptly as practicable . . . ."  (D.I. 6-2, at 16 [¶ V.A.1.]).

During the hearing, the parties agreed that the Registration Statement was not filed until February 18, 2020, although there was no agreement as to why that was.  Defendant Moscato testified that it was not practicable to file it any earlier.

Three things are clear.  One, the obligation to file the Registration Statement was an obligation for which "time is of the essence."  (D.I. 6-2, at 21 [¶ VII.L.]).  Defendants did not dispute this point.  Two, Plaintiff acted as though time was of the essence, sending emails, referring to "trigger events" and "defaults," and threatening to file suit long before it actually did file suit on February 18, 2020.  (D.I. 6-5 [email of January 7, 2020]; D.I. 6-6 [emails of January 9, January 27, and February 3, 2020]).  Three, the only plausible reading of the filing provision was that Generex was obligated to file the Registration Statement by, at the latest, January 8,

---

[3] The amended complaint has a typo stating this date is December 19, 2019 (D.I. 6 at 5 [¶ 17], but the "Effective Date" in the Purchase Agreement is stated to be December 9, 2019.  (D.I. 6-2 at 1).  During the hearing, there was no dispute that the thirty days ran on January 8, 2020, which is consistent with December 9, 2019, as the Effective Date.

2020. There is no way to read the language as permitting the "as soon as practicable" phrase to permit filing after January 8th. Thus, failure to file the Registration Statement by January 8, 2020, was a breach of the Purchase Agreement, and, given the "time is of the essence" understanding, it was a material breach.

The Purchase Agreement has a confession of judgment provision, which reads: "Company and its President and Chief Executive Officer, who hereby absolutely, unconditionally and irrevocably guarantees (sic) payment in full of the Note and all obligations under all of the Transaction Documents, will execute the Confession of Judgment forms, which may be filed upon any default or material breach under the Note, including without limitation failure to timely issue Conversion Shares upon Conversion." (D.I. 6-2 at 18 [¶ VI.]). Each of the Warrants has the same relevant language, and there is no dispute that the Warrants should be interpreted as purporting to give Plaintiff's Delaware attorney the power to confess judgment in the amount of $2,200,000 "together with costs and attorney fees." (D.I. 6-3, 6-4).

The Purchase Agreement states that the Confession of Judgment forms "may be filed upon any default or material breach under the Note." It appears that the failure to timely file the Registration Agreement impacts the Note, in that, "All or any portion of the Face Value of the Note may be converted, in part or in whole, into shares of Common Stock, at any time or times beginning on the earlier of effectiveness of the Registration Statement or 6 months after [December 9, 2019]."[4] (D.I. 11-2, at 1, 3-4 [¶¶ I.A.; I.G.1.]).

---

[4] During the hearing, both witnesses testified about when the SEC might usually approve registration statements, the track record of registration statements involving Plaintiff, and the impact of the COVID-19 pandemic on the operations of the SEC. I do not think the pandemic is relevant to the question of whether there was a material breach at the beginning of January.

The Note has a number of provisions relating to "a 'Trigger Event.'"  The Note lists about sixteen enumerated Trigger Events.  The third is, "Any violation of or failure to timely perform any covenant or provision of this Note, the Purchase Agreement, or any Transaction Document, related to payment of cash, registration, authorization, reservation, issuance or delivery of Conversion Shares, time being of the essence."  (D.I. 11-2, at 8 [¶ I.H.1.c.]).  The Note provides for 12% per annum interest dating from December 9, 2019.  The Note further provides, "The Interest Rate will retroactively increase by 10% per annum upon each occurrence of any Trigger Event (e.g. to 22% upon the first Trigger Event)."  (D.I. 11-2, at 1 [¶ I.C.1.]).

Defendants urge that the failure to file the Registration Statement is, at most, a Trigger Event, and not a material breach or a default on the Note.  Defendants note that "material breach" and "default" are not defined terms in the Purchase Agreement and the Note.  I think the fact that the Note appears to add a significant amount of interest (which I estimate to be about $18,000 per month [($2,200,000 x 10%)/12]) for the failure to timely file the Registration Statement is a strong indication of its materiality.

Defendants argue that because there is an interest adjustment that accompanies any Trigger Event, the Trigger Events are not material breaches.  I do not think the argument is logical.  I think the Trigger Events have to be judged like any other event, and, if a Trigger Event is also a material breach, as this one is, Plaintiff has options as to how it chooses to proceed.

Thus, I will separately enter judgments against Defendants.  As there is a dispute about attorney's fees and costs, and I do not have the underlying documentation to support Plaintiff's request, I do not resolve that dispute at this time.  I expect Plaintiff to provide the relevant billing records to Defendants, for the parties to promptly meet and confer on the attorney's fees and costs, and for the parties to either submit a stipulation as to the proper amounts, or for the parties

to submit an agreed-upon briefing schedule for resolving the issues.  I will amend the judgment when the attorney's fees and costs issue is resolved.

        IT IS SO ORDERED this <u>4</u> day of May, 2020.

<u>/s/ Richard G. Andrews</u><br>
United States District Judge